IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------x
                                                         :
THE CADLE COMPANY                                        :      3: 04 CV 1225 (JBA)
                                                         :
                                                         :
V.                                                       :
                                                         :
CHRISTINA OGALIN, INDIVIDUALLY AND                       :
AS TRUSTEE (FOR AMY OGALIN, ERICA                        :
OGALIN AND FRANK OGALIN), VERNA                          :
OGALIN, AND DRYWALL                                      :      DATE: JUNE 28, 2005
CONSTRUCTION CORP.                                       :
---------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

      Plaintiff, The Cadle Company, commenced this civil action on August 6, 2004 against defendants Christina Ogalin, individually and as trustee for Amy Ogalin, Erica Ogalin and Frank Ogalin, III, Verna Ogalin and Drywall Construction Corp. [collectively "defendants"] after the withdrawal of this action from the U.S. Bankruptcy Court for the District of Connecticut. (Dkt. #11).[1] Plaintiff asserts the following seven counts against defendants: imposition of a constructive trust (First Count); liability of transferees for fraudulent transfer pursuant to CONN. GEN. STAT. §§ 52-552e(a)(1)-(2), CONN. GEN. STAT. § 52-552f, and 11 U.S.C. §§ 544 and 550 (Second to Fourth Counts); and liability of transferees for fraudulent transfer pursuant to 11 U.S.C. §§ 548 and 550 (Fifth to Seventh Counts), such that Christina Ogalin and Verna Ogalin are personally liable to plaintiff for the asset transfers occurring within the years immediately preceding the filing of the bankruptcy petition of debtor Frank

---

[1]According to plaintiff, this case was initially commenced by Barbara L. Hankin, Chapter 7 Trustee, as an adversary proceeding in connection with the bankruptcy case of debtor Frank F. Ogalin, under Chapter 7 of Title 11 of the United States Code. (Dkt. #15, Brief, at 1-2). The Bankruptcy Court ordered the claims and causes of action to be sold, transferred and assigned to plaintiff, and the reference to the Bankruptcy Court was withdrawn. (Dkt. #15, Brief, at 2; see Dkts. ##1, 7 & 9).

F. Ogalin, their father and husband, respectively. (Id.). On February 25, 2005, U.S. District Judge Janet Bond Arterton referred this lawsuit to this U.S. Magistrate Judge for the purpose of supervising discovery. (Dkt. #17). On June 7, 2005, this Magistrate Judge filed a Supplemental Scheduling Order (Dkt. #41), under which discovery is to be completed by October 31, 2005 and dispositive motions are to be filed by December 30, 2005.

Plaintiff filed the pending Motion to Compel and brief and affidavit in support, on February 16, 2005. (Dkts. ##15-16).[2] After several Motions for Extension of Time were granted (see Dkts. ##19-22, 25-36),[3] on May 20, 2005, defendants filed their brief in opposition (Dkt. #38) and Motion for Protective Order and brief in support (Dkts. ##37-38).[4] On June 6, 2005, plaintiff filed its reply brief in support of its Motion to Compel. (Dkt. #40). Four days later, plaintiff filed its brief in opposition of defendants' brief. (Dkt. #42).[5]

For the reasons set forth below, plaintiffs' Motion to Compel (Dkt. #15) is <u>granted in part and denied in part</u> and defendants' Motion for Protective Order (Dkt. #37) is <u>granted in part and denied in part</u>.

I. DISCUSSION

Plaintiff seeks responses from defendants to all twenty-five of its discovery requests which responses were due on November 8, 2004. (Dkt. #15, Brief, at 5 & Exh. A). Plaintiff, by way of these requests, seeks detailed financial information from defendants which

---

[2] Attached to Dkt. #15 is plaintiff's brief, to which a copy of plaintiff's Requests for Production, dated October 8, 2004 is attached as Exh. A.

[3] Such extensions were granted based on the parties' engagement in settlement discussions, which have proven unsuccessful. (See Dkt. #38, Exh. 1, ¶ 2).

[4] Attached to Dkt. #38 as Exhibit 1 is an affidavit of defendants' counsel, sworn to May 20, 2005. This affidavit contains paragraphs 1-5, followed by 3-7. The duplicate numbers will be identified by the symbol "[2].".

[5] Copies of case law were attached.

plaintiff contends is necessary to establish a claim for fraudulent transfer under the Connecticut Fraudulent Transfers Act and Title 11 of the United States Code. (Dkt. #15, Brief, at 4).

In response, defendants assert that subsequent to the filing of plaintiff's Motion, they complied with fifteen requests, namely Requests for Production Nos. 1-8 and 16-22 by "furnishing copies of the documents requested therein, including but not limited to corporate and individual tax returns of the respective defendants." (Dkt. #38, Exh. 1, ¶ 2). Additionally, according to defendants, "there are no 'balance sheet' documents" responsive to Request No. 16. (Id.). However, with respect to the ten remaining requests, defendants object[6] to Requests for Documents Nos. 9-15 and 23-25 on grounds that such requests "encompass virtually all documents relating in any way to all of the defendants, and over extended periods, [and] the discovery sought is manifestly and unreasonably overbroad in the extreme and oppressive." (Dkt. #38, at 2 & Exh. 1, ¶¶ 3[2] & 5[2]). Defendants have offered to produce documents within a "more reasonable scope relevant to the issues raised by the pleadings"; plaintiff has rejected such offers. (See Dkt. #38, at 2 & Exh. 1, ¶¶ 3[2], 4[2], 5[2], 6 & 7).

### A. DOCUMENT REQUESTS NOS. 9-15

In these requests, plaintiff seeks "any and all documents" relating to contracts, accounts receivable and/or accounts payable, bank accounts, income/expense reports, deposits into bank accounts, computerized financial records, and ledgers used to record financial information of defendant Drywall Construction and/or any agent of this defendant "from the beginning of the corporation through the present time." (Dkt. #15, Exh. 1, at 7-8).

---

[6]Defendants acknowledge that they never filed objections to these requests, due to the then ongoing settlement discussions. (Dkt. #38, Exh. 1, ¶ 2). Plaintiff argues that these objections are untimely. (Dkt. #42, at 2-3).

According to defendants, Drywall Construction was formed in 1991 and these requests seek "virtually all documents ever prepared by, received by, or relating in any way to Drywall [Construction] and [its] business activity." (Dkt. #38, Exh. 1, ¶¶ 4 & 3[2]). Defendant offered to produce "all documents reflecting any transfers between Drywall [Construction] and Frank Ogalin." (Dkt. #38, Exh. 1, ¶ 4[2]). In its briefs, plaintiff argues that defendants' objections are untimely (Dkt. #40, at 1-2; Dkt. #42, at 2-3), and that this discovery is necessary to determine if defendants Christina and Verna Ogalin are "acting as a 'front[,]'" through both nominal ownership and . . . receipt of compensation far in excess of the reasonable value of services performed" for debtor Frank Ogalin. (Dkt. #40, at 2-5; Dkt. #42, at 4-8).

A discovery request may be unduly burdensome if the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. See FED. R. CIV. P. 26(b)(2). A party resisting discovery "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)(internal quotations and citations omitted).

The documents at issue span a fourteen year period of time. Moreover, defense counsel avers that although Drywall Construction remains a small business managed by defendants Verna and Christina Ogalin, the company has experienced substantial growth and activity and "simply does not have the administrative resources to comply with the foregoing requests." (Dkt. #38, Exh. 1, ¶¶ 5 & 3[2]). Debtor Frank Ogalin was a director

4

and officer of Drywall Construction from its inception until March 1997. (Id. ¶ 5). Plaintiff alleges that although the business is now nominally owned by Verna and Christina Ogalin, Frank Ogalin has fraudulently transferred substantial cashflow and compensation from Drywall Construction, in an effort to avoid his debts. (See Dkt. #11; Dkt. #15, Brief at 3; Dkt. #40, at 2-4). The discovery requested is clearly relevant. However, requiring defendants to produce documents over a fourteen year period is unduly onerous. Defendants need only produce documents from March 1997 to the present, so that plaintiffs may attempt to ascertain if there was any difference in the operation of Drywall Construction after Frank Ogalin was no longer a director or officer. Defendants shall respond **on or before July 29, 2005**.

### B. DOCUMENT REQUESTS NO. 23

In Document Request No. 23, plaintiff seeks any and all documents relating to real properties titled in the name of Christina Ogalin, including "283 High Ridge Road, Fairfield, CT 06430" and the "real property consisting of a four family home/apartment building to which Christina Ogalin moved when she moved away from the Fairfield Home." (Dkt. #15, Exh. A, at 10; Dkt. #40, at 4; Dkt. #42, at 8). Defense counsel avers that he represented the defendant Christina Ogalin in connection with the purchase of this property, the mortgage refinance thereof, mortgage financed purchase and sale of the multi-family dwelling property, and mortgage financed purchase of property known as 3425 Huntington Road, Stratford, CT. (Dkt. #38, Exh. 1, ¶ 7). According to defense counsel, Frank Ogalin did not provide any financing in connection with any of the foregoing transactions and defendants offered to produce the standard closing documents, consisting of deeds, closing statement, and closing checks. (Id.). Plaintiff rejected this offer. (Id.).

Defendants shall produce all documents relating to the purchase and sale of the

homes in question, as defendants have offered. However, in light of the production of the business-related documents responsive to Document Requests Nos. 9-15, which documents would reflect any transfer of money that would provide defendant Christina Ogalin with the means to purchase the homes that are the subject of these requests, or lack thereof, any further response is unwarranted at this time.

### C. DOCUMENT REQUESTS NOS. 24-25

In Document Requests Nos. 24-25, plaintiff seeks all bank documents relating to any personal bank transactions of defendants Christina and Verna Ogalin from the time when Christina Ogalin became the President and Verna Ogalin became the Vice President of Drywall Construction. (Dkt. #15, Exh. A, at 11; Dkt. #40, at 4-5; Dkt. #42, at 9-10). According to defendants, these documents date back to 1998 and these defendants have offered to produce all documents relating to any transfers between Frank Ogalin and these individuals; plaintiff rejected such offer. (Dkt. #38, Exh. 1, ¶¶ 5[2] & 6).

For the reasons stated in Sections I.A & B. supra, plaintiff's Motion to Compel further response to these requests is granted; defendants shall produce responsive documents **on or before July 29, 2005**.

### II. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Compel (Dkt. #15) is granted in part and denied in part and Defendants' Motion for Protective Order (Dkt. #37) is granted in part and denied in part.[7]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the

---

[7]If either attorney believes that a settlement conference before this Magistrate Judge would be productive, he should contact Chambers accordingly.

Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 28th day of June, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge