IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                              :
THE CADLE COMPANY               :        3: 04 CV 1225 (JBA)
                                              :
                                              :
V.                                          :
                                              :
CHRISTINA OGALIN, INDIVIDUALLY AND  :
AS TRUSTEE (FOR AMY OGALIN, ERICA :
OGALIN AND FRANK OGALIN), VERNA  :
OGALIN, AND DRYWALL             :        DATE: MAY 25, 2006
CONSTRUCTION CORP.              :
---------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR SANCTIONS OR ALTERNATIVELY, MOTION
FOR MODIFICATION OF SCHEDULING ORDER

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's four previous discovery rulings, namely Ruling on Plaintiff's Motion to Compel and Defendant's Motion for Protective Order, filed June 29, 2005 (Dkt. #44), Ruling on Plaintiff's Motion for Reconsideration, filed August 9, 2005 (Dkt. #52)["August 2005 Ruling"], Ruling on Plaintiff's Motion for Leave to Conduct Additional Depositions, filed February 10, 2006 (Dkt. #75), and Ruling on Plaintiff's Second Motion to Compel Discovery, filed March 6, 2006 (Dkt. #82)["March 2006 Ruling"], familiarity with which is presumed.  Under the latest scheduling order, all discovery was to have been completed by April 14, 2006 and all dispositive motions were due by May 12, 2006.  (March 2006 Ruling, at 2).

On April 13, 2006, the day prior to the expiration of the discovery deadline, plaintiff filed the pending Motion for Sanctions or Alternatively, Motion for Modification of Scheduling Order and brief in support (Dkts. ##83-84),[1] as to which defendants filed their brief in opposition on May 4, 2006 (Dkt. #85).

This motion concerns three discovery requests, for which production was ordered by

---

[1]The following exhibits were attached: copy of correspondence between counsel, dated November 30, 2005 (Exh. A); and an affidavit from counsel, sworn to April 13, 2006 (Exh. B).

the Court, but for which defendants had not complied by the date of the motion. (Dkt. #83, at 1-2). Request No. 11 of plaintiff's First Request for Production sought production of "any and all documents relating to bank accounts held in the name and/or for the benefit of Drywall Construction and/or by any representative, entity, officer or director of Drywall Construction" from "the beginning of the corporation through the present time." The August 2005 Ruling ordered production from 1994 to the present, with all documents to be produced by August 31, 2005. (At 1-2). In this motion, plaintiff argues that defendant provided documentation only as far back as 2002, but concedes that it has issued subpoenas "regarding every account it could identify from . . . [d]efendants' limited production" and does not seek duplication of any documents it has received. (Dkt. #83, Brief at 3 & n.2, 4-5). Requests Nos. 1 and 2 sought production of "any and all documents . . . not already produced relating to every purchase made by . . . defendant [Cristina Ogalin] for goods and services of more than $1,000," and "any and all credit card statements of . . . [d]efendant [Cristina Ogalin] from the time she became president of defendant Drywall Construction Corp. until the present." The March 2006 Discovery Ruling ordered defendant Cristina Olagin to respond by March 31, 2006, "to the extent that such documents have not already been produced." (At 1-2)(emphasis omitted). In this motion, plaintiff represents that "no disclosures have yet been made," but similarly concedes that pursuant to a subpoena, plaintiff received credit card statements from American Express Co. and in the event this is the only account defendant held during the relevant time period, "this request for production is moot." (Dkt. #83, Brief at 4 & n.3, 5). As a result, plaintiff seeks sanctions, including reasonable attorney's fees and costs, as well as an extension of the discovery deadline. (Id. at 4-7).

In their brief in opposition (Dkt. #85), defendants respond that "defendants have produced all documents within their possession in compliance" with the prior discovery

rulings (at 1 & 3), plaintiff has subpoenaed documents "from various banks and from American Express," going back as far as 1999 (at 3), and defendant Cristina Ogalin produced all documents within her possession and control, which were not previously produced, on April 14, 2006, two weeks after the March 31st deadline (at 4).

With respect to Request No. 11, plaintiff's counsel and defense counsel shall confer, to ensure that plaintiff has identified all appropriate bank accounts, such that plaintiff may issue all necessary subpoenas. If plaintiff insists, defendants shall provide an affidavit, **on or before June 16, 2006**, which identifies all financial institutions at which bank accounts were held in the name and/or for the benefit of Drywall Construction and/or by any representative, entity, officer or director of Drywall Construction from 1994 to the present.

Similarly, with respect to Request Nos. 1 & 2, plaintiff's counsel and defense counsel shall confer, to ensure that plaintiff has identified all appropriate credit card accounts, such that plaintiff may issue all necessary subpoenas. If plaintiff insists, defendants shall provide an affidavit, **on or before June 16, 2006**, which identifies all credit card accounts held by defendant Cristina Ogalin for the relevant time period.

In addition, the deadlines for discovery and dispositive motions are extended as follows: all discovery shall be completed **on or before June 30, 2006**, and all dispositive motions shall be filed **on or before July 31, 2006**.

Accordingly, plaintiff's Motion for Sanctions or Alternatively, Motion for Modification of Scheduling Order and brief in support (Dkt. #83) is granted to the limited extent set forth above and is denied without prejudice to the extent it seeks sanctions.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless

reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 25th day of May, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge