IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------x
:
THE CADLE COMPANY                                         :       3:04 CV 1225 (JBA)
:
:
V.                                                        :
:
CRISTINA OGALIN, INDIVIDUALLY AND                         :
AS TRUSTEE (FOR AMY OGALIN, ERICA                         :
OGALIN AND FRANK OGALIN), VERNA                           :
OGALIN, AND DRYWALL                                       :       DATE: JULY 1, 2016
CONSTRUCTION CORP.                                        :
----------------------------------------------------------x

## RULING ON PLAINTIFF'S MOTION FOR FURTHER RELIEF UNDER COURT RULING ON PLAINTIFF'S MOTION FOR ORDER ISSUING ARREST WARRANT

Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's Motion for Order Issuing Arrest Warrant as Contempt Sanctions to Secure Compliance with Court Order (and for Other Relief) and on Plaintiff's Second Application for Order in Aid of Wage Execution, filed March 10, 2016 (Dkt. #305)["March 2016 Ruling"].  The March 2016 Ruling ordered defendant Drywall Construction Corp. ["DCC"], inter alia, to "submit sworn documentation to plaintiff as to what it claims to be the unpaid arrearage, for both the time before the bankruptcy petition and the time after bankruptcy discharge was denied[,]" and to pay this amount under pain of being held in further contempt of court.  (At 5).

On May 16, 2016, plaintiff filed the pending Motion for Further Relief under Court Ruling on Plaintiff's Motion for Order Issuing Arrest Warrant (Dkt. #309),[1] in which plaintiff argues that defendants' response is insufficient, particularly given the dramatic decline in

---

[1] The following exhibits were attached: copy of letter between counsel, dated March 24, 2016 (Exh. A); and copy of Affidavit of Cristina M. Ogalin, sworn to March 31, 2016 ["Ogalin Aff't"], with Computations of Employee's Disposable Earnings, for the periods August 7, 2009 through February 28, 2010 (thirty weeks), March 3 through September 17, 2010 (twenty-eight weeks), September 17 through October 7, 2010 (two weeks), December 1, 2015 through January 22, 2016 (eight weeks), and January 22 though February 12, 2016 (three weeks)(Exh. B).

defendant Cristina Ogalin's weekly pay from $1,025 for fifty-eight weeks from August 7, 2009 through September17, 2010, then to $800 for two weeks from September 17, 2010 through October 7, 2010, and then to $600 for eleven weeks, from December 1, 2015 through February 12, 2016.  (Id., Exh. B).  As a result, plaintiff is requesting the following information:

> (1) a sworn statement as to all payments, however denominated or described, made by DCC to Cristina [Ogalin] (or by DCC on behalf, or for the benefit, of Cristina [Ogalin]), that is itemized, describing the payment type, amount, and date of payment, [and] (2) documentation that substantiates the basis for a payment that is denominated as something other than W-2 compensation.

(Id. at 2 & Exh. A).

In its brief in opposition, filed June 8, 2016 (Dkt. #313), defendant DCC contends that it has satisfied the execution in full, and in fact, overpaid by a "small" amount. (Id. at 2)(emphasis omitted).[2] Defendant DCC also explains that due to the "fluctuations . . . [in] the local construction industry as well as . . . other factors[,]" defendant Cristina Ogalin's salary was "subject to variations over time[.]" (Id. at 5).

Given the history behind this litigation, plaintiff is entitled to inquire further regarding the reduced weekly pay for the two weeks from September 17, 2010 through October 7, 2010 and the eleven weeks from December 1, 2015 through February 12, 2016.  Thus, <u>for these thirteen weeks only</u>, plaintiff is entitled to: (1) a sworn statement as to all payments, however denominated or described, made by DCC to Cristina Ogalin (or by DCC on behalf, or for the benefit, of Cristina Ogalin), that is itemized, describing the payment type, amount,

---

[2]Defendant DCC also argues that the lawsuit should have been dismissed against it (id. at 1-2), and that plaintiff should have followed the procedures for discovery by a judgment creditor. (Id. at 3-4).  As plaintiff appropriately argues in its reply brief (Dkt. #319, at 3-4 & n.2), such arguments are remarkably untimely.

and date of payment, and (2) documentation that substantiates the basis for a payment that is denominated as something other than W-2 compensation.  No further documentation is necessary for the fifty-eight weeks, from August 7, 2009 through September 17, 2010, when defendant Cristina Ogalin received her higher salary.   Defendant DCC shall comply **on or before July 27, 2016**, again on pain of being held in contempt of court, and with plaintiff having the right to review and challenge the sufficiency thereof.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 1st day of July, 2016.


/s/ Joan G. Margolis, USMJ____
Joan Glazer Margolis
United States Magistrate Judge