IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
IN RE: FRANK F. OGALIN                          :
                                                :
THE CADLE COMPANY                               :       3: 04 CV 1225 (JBA)
                                                :
v.                                              :
                                                :
CHRISTINA OGALIN, INDIVIDUALLY                  :
AND AS TRUSTEE (FOR AMY OGALIN,                 :
ERICA OGALIN AND FRANK OGALIN),                 :
VERNA OGALIN, AND DRYWALL                       :       DATE: OCT. 1, 2018
CONSTRUCTION CORP.                              :
-------------------------------------------------------x
```

## RULING ON THE CADLE COMPANY'S MOTION TO COMPEL PRODUCTION, FURTHER APPEARANCE AT DEPOSITIONS, AND ADDITIONAL RELIEF (DOC. NO. 343)

Familiarity with the procedural history and extensive litigation in this case is presumed. On May 16, 2018, the Judgment Creditor, The Cadle Company [or "Cadle"] filed the pending Motion to Compel, seeking an order from this Court directing defendant Christina Ogalin ["the defendant" or "Ogalin"] to: (a) immediately produce documents sought in a properly served subpoena; (b) appear for a continued examination pursuant to the subpoena; and (c) pay Cadle its attorneys' fees and expenses. (Doc. No. 343). Cadle seeks discovery under CONN. GEN. STAT. § 52-351b in connection with its collection efforts on the $625,537.50 judgment plus post-judgment interest entered September 25, 2007 in favor of Cadle and against Ogalin. (Doc. No. 343 at 1; *see* Doc. No. 237).

Section 52-351b(a) permits discovery by a judgment creditor from a judgment debtor who "the judgment creditor reasonably believes, in good faith, may have assets of the judgment debtor" to satisfy a money judgment. CONN. GEN. STAT. § 52-351b(a). Section 52-351b(a) specifies that

1

discovery proceeding under this section consists of "serving an initial set of interrogatories" which "shall [be] answer[ed] . . . and return[ed] . . . to the judgment creditor within thirty days of the date of service." CONN. GEN. STAT. § 52-351b(a). Additionally, Section 52-351b(c) states: "The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in civil actions without further order of the court." CONN. GEN. STAT. § 52-351b(c).[1]

In response to a subpoena served upon on February 19, 2018, Ogalin agreed to provide the following documents by April 19, 2018:

(a) All documents that refer to, reflect or are related to encumbrances on any real property the Defendant owns;

(b) Any and all lease agreements for real property in which the Defendant is the landlord, or has a beneficial interest in;

(c) Certificate of title/evidence of ownership of any car owned by Defendant;

(d) Documents concerning life insurance policy; and

(e) Documents related to Drywall Construction Co., Inc.

(Doc. No. 343 at 2). To date, the defendant has not produced these documents.

Additionally, Ogalin refused to provide the following documents, unless ordered by the Court:

(a) Certificates of title/evidence of ownership of any car that Defendant does not own, but which she has full access to and/or use of;

(b) All documents referring in any way, directly or indirectly to any and all business in which deponent is a stockholder, partner, officer, director, owner or registered agent;

---

[1] Although, in its Subpoena Duces Tecum, Cadle commands Ogalin to "appear for an examination judgment debtor[,]" Cadle seeks deposition testimony "pursuant to CONN. GEN. STAT. § 52-351b." (Doc. No. 343, Ex. A). An examination of judgment debtor is governed by CONN. GEN. STAT. 52-397, which provides that "[a]ny judgment debtor, an execution against whom has been returned unsatisfied in whole or in part or who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b, may be examined on oath, in the court location where the judgment was rendered . . . ."

2

(c) Any and all corporate charters, minutes of stockholders meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by deponent, or any subsidiary or other entity in which such corporation holds an ownership interest during the past five years;

(d) List of customers, clients, etc. of any kind with which any corporation (or any other business entity) that the Defendant has owned has done business with during the past five years; and

(e) Copies of credit card statements for all cards on which the Defendant is an authorized user for the past two years.

(Doc. No. 343, Ex. C at 21-22, 118, 131).

To the extent that a judgment debtor objects to discovery under Section 52-351b, the judgment debtor, or "party from whom discovery is sought[,] may seek a protective order pursuant to section 52-400a." CONN. GEN. STAT. § 52-351b(d). Ogalin, however, did not properly object to the requests.

At her deposition, Ogalin explained that, after producing so many documents over the years, she is "kind of at that point where [she] just [does not] want to produce anymore documents[]" unless she has to do so by court order. (Doc. No. 343, Ex. C at 21-22). In her brief in opposition to Cadle's motion, Ogalin argues that she has "made every effort to produce all documents demanded, with the exception of third party documents such as the demanded customer lists and contracts of LLC[s] (JC Contractors LLC and Interior Contractors LLC, both drywall contractors) which she owns or in which she has an indirect interest[]" as the disclosure of that information "poses a substantial risk of damage to customer relationships[.]" (Doc. No. 345 at 2).

On September 5, 2018, the Court ordered JC Contractors, LLC and Drywall Construction Company, LLC to "pay directly to Cadle any and all distributions . . . that would otherwise be paid to judgment debtor Cristina Ogalin." (Doc. Nos. 349-50). In light of the entry of this order against the LLCs, Ogalin need not disclose customer lists for these LLCs.

3

Ogalin contends that she has "actually complied substantially with Cadle's document demand[]"; to the extent there are documents she has not produced to date, Ogalin shall produce them <u>on or before November 2, 2018</u>. Moreover, to the extent that Cadle seeks a continued examination, Ogalin has already agreed to return for such examination. (*See* Doc. No. 345 at 2). Accordingly, after such production is made in compliance with this order, Ogalin shall appear for a continued deposition pursuant to a subpoena.

Ogalin has failed to object properly to this post-judgment discovery, and her refusal to produce documents within her control without the issuance of a court order certainly could have resulted in the Court's award of attorney's fees and costs for Cadle. Cadle's request, however, is denied without prejudice to renewal should Ogalin fail to produce the requested documents as ordered in this Ruling.

Accordingly, Cadle's Motion to Compel Production, Further Appearance at Depositions, and Additional Relief (Doc. No. 343) is *granted in part and denied in part* such that Ogalin shall produce the outstanding documents <u>on or before November 2, 2018</u>, and Ogalin shall appear for a continued deposition; Cadle's request for an award of attorney's fees and costs is *denied without prejudice to renewal, if appropriate*.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 1st day of October, 2018.

    /s/ *Robert M. Spector*
Robert M. Spector
United States Magistrate Judge